IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| DUANE GUST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 4:19-cv-430 |
| | ) | |
| SPIRE, INC. ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

For their Notice of Removal, Defendants Spire Missouri, Inc. and Spire, Inc. (collectively, "Spire") state as follows:

1. Spire exercises its rights under the provisions of 28 U.S.C. § 1441 *et seq.*, 28 U.S.C. § 1331, and 28 U.S.C. § 1367, to remove this case from the Circuit Court of Jackson County, Missouri.

2. On or about April 11, 2019, a civil action was filed in the 16th Judicial Circuit Court of Jackson County, Missouri under the name and style of *Duane Gust v. Spire, Inc. et al.*, Case No. 1916-CV10899 ("Circuit Court Case"). A copy of the Circuit Court Case file, including Plaintiff's Petition, Plaintiff's First Amended Petition, and the Summons, is attached hereto and incorporated by reference as Exhibit A.

3. Spire was served with Plaintiff's Petition on May 3, 2019. Pursuant to 28 U.S.C. § 1446(b) and Federal Rule of Civil Procedure 6(a)(1)(C), this Notice of Removal is filed within 30 days after service of the Petition on Spire and is, therefore, timely.

4. Plaintiff filed a First Amended Petition on May 24, 2019. Spire has not yet been served with the First Amended Petition.

## Removal is Proper Based On Federal Question Jurisdiction

5. Plaintiff's First Amended Petition asserts claims against Spire, U.S. Healthworks Medical Group of Kansas City, P.C., and i3screen, LLC, for disability discrimination in violation of the Missouri Human Rights Act ("MHRA"), for workers' compensation retaliation, invasion of privacy, and tortious interference. *See* First Amended Petition ¶¶ 55-98.

6. Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over Plaintiff's MHRA and other claims because they are completely preempted by § 301 of the Labor Management Relations Act, 29 U.S.C. § 185 ("LMRA"). Pursuant to 28 U.S.C. § 1367, the Court has supplemental jurisdiction over any of Plaintiff's claims that are not preempted because they form part of the same case or controversy.

7. Plaintiff, a bargaining unit worker whose employment with Spire was governed by the terms of a collective bargaining agreement and related agreements and procedures, alleges that Spire discriminated against him, invaded his privacy, and retaliated against him based on the conduct of a drug testing program and medical qualification procedure that have been bargained by and agreed to between Spire and the union. The relevant agreements between Spire and the union contain detailed provisions governing drug testing and medical certification. Plaintiff's claims are inextricably intertwined with, and substantially dependent upon analysis of, the terms of the agreements between Spire and the union. Therefore, Plaintiff's state law claims are dependent upon an analysis of the terms of the agreements between Spire and the union.

8. Section 301 of the LMRA completely preempts state law claims when such claims substantially depend on the interpretation of the terms of a collective bargaining agreement. *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985) ("[W]hen resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made

between the parties in a labor contract, that claim must either be treated as a § 301 claim, or dismissed as pre-empted by federal labor-contract law." (internal citations omitted)). Defenses, as well as claims, must be considered in determining whether resolution of the state law claim requires construing the labor contract. *Hanks v. Gen. Motors Corp.*, 859 F.2d 67, 70 (8th Cir. 1988).

9. Here, Plaintiff's disability discrimination and other claims and Spire's defenses to those claims require interpretation of the agreements that governed Plaintiff's employment. *See Davis v. Johnson Controls, Inc.*, 21 F.3d 866, 868 (8th Cir. 1994) (finding plaintiff's Missouri Human Rights Act claim was completely preempted by the LMRA because the analysis of such claim required an examination and interpretation of plaintiff's rights under the applicable collective bargaining agreement); *see also Johnson v. Anheuser Busch, Inc.*, 876 F.2d 620, 624 (8th Cir. 1989) (finding plaintiff's slander, intentional infliction of emotional distress, tortious interference with a contractual relationship, and wrongful discharge claims were completely preempted by the LMRA because assessment of such claims required substantial construction of the collective bargaining agreement's terms); *Fouche v. Mo. Am. Water Co.*, No. 4:11-CV-1622, 2012 WL 2718925, at *7 (E.D. Mo. July 9, 2012) (holding that the plaintiff's MHRA claims were completely preempted by the LMRA because deciding the claim would require an evaluation of the employer's obligations under the CBA).

10. As such, Plaintiff's claims are completely preempted by the LMRA and this Court has original jurisdiction under 28 U.S.C. § 1331.

## Venue

11. The United States District Court for the Western District of Missouri is the appropriate venue for removal of Plaintiff's Circuit Court Case pursuant to 28 U.S.C. § 1441(a),

which permits any civil action brought in any state court in which the District Courts of the United States have original jurisdiction to be removed to the District Court of the United States for the district and division embracing the place where the state court action is pending.

## Compliance With Procedural Requirements

12. Spire has given written notice of the filing of the Notice of Removal to Plaintiff and is filing a copy of this Notice of Removal with the Clerk of the Circuit Court of Jackson County, Missouri.

13. All defendants who have been properly joined and served consent to the removal of the action.

14. Spire reserves the right to amend or supplement this Notice of Removal.

15. By filing this Notice of Removal, Spire does not waive any defenses that may be available to it.

16. WHEREFORE, Defendants Spire Missouri, Inc. and Spire, Inc. give notice that this action is removed from the Circuit Court of Jackson County, Missouri to the United States District Court for the Western District of Missouri, for the exercise of jurisdiction over this action, as though this action had originally been instituted in this Court.

Respectfully Submitted,

*/s/ Paul F. Pautler, Jr.*
Paul F. Pautler, Jr., MO Bar No. 38057
Husch Blackwell LLP
4801 Main Street, Suite 1000
Kansas City, Missouri 64112
Telephone: 816-983-8000
Facsimile: 816-983-8080
Paul.pautler@huschblackwell.com

Brittany M. Falkowski, MO Bar No.: 62876
Brittany.Falkowski@huschblackwell.com
Scott D. Meyers, MO Bar No.: 68266
Scott.Meyers@huschblackwell.com
190 Carondelet Ave., Suite 600
St. Louis, MO 63105
(314) 480-1500
(314) 480-1505 (fax)

## CERTIFICATE OF SERVICE

This is to certify that on the 3rd day of June 2019 a copy of the above and foregoing was served via the Court's electronic (ECF) filing/notification system to:

Lynne Jaben Bratcher
Marie L. Gockel
Antonette M. DuPree
Bratcher Gockel Law, L.C.
4014 South Lynn Ct. Drive, Suite B
Independence, MO 64055
lynne@bgklawyers.com
marie@bgklawyers.com
antonette@bgklawyers.com

**Attorneys for Plaintiff**

*/s/ Paul F. Pautler, Jr.*
**Attorney for Defendants**