# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| DUANE GUST, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:19-CV-00430-BCW |
| SPIRE, INC., et al., | ) ) ) |
| Defendants. | ) |

## ORDER

Before the Court is Defendants' Motion to Dismiss Plaintiff's Second Amended and Supplemental Complaint. (Doc. #72). The Court, being duly advised of the premises, grants in part and denies in part said motion.

## BACKGROUND

On May 24, 2019, Plaintiff Duane Gust ("Gust") filed his first amended petition in the Circuit Court of Jackson County, Missouri, against Defendants Spire, Inc., Spire Missouri, Inc., U.S. Healthworks Medical Group of Kansas City, P.C. doing business as Concentra, and i3Screen, LLC. (Doc. #1-1). Gust was employed by Defendant Spire Missouri, Inc., a subsidiary of Defendant Spire, Inc. (together, "Spire"), at all times relevant to Gust's claims.

In the first amended petition, Gust asserted the following claims "pursuant to Mo. Rev. Stat. § 213.010, et seq., of the Missouri Human Rights Act ("MHRA")." (Doc. #1-1 at 3). In Count I, Gust alleged disability discrimination against Spire. In Count II, Gust alleged hostile work environment based on disability against Spire. In Count III, Gust alleged worker's compensation retaliation against Spire. In Count IV, Gust alleged common law breach of confidentiality

1

pertaining to Gust's medical information against Spire, Concentra, and i3Screen. In Count V, Gust alleged tortious interference with a business expectancy against Concentra. (Doc. #1-1).

On June 3, 2019, Spire removed Gust's claims to this Court asserting federal question jurisdiction under 28 U.S.C. § 1331. (Doc. #1). Spire's notice of removal asserted federal subject matter jurisdiction based on § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, et seq.

On June 21, 2019, Gust filed a motion to remand. (Doc. #21). While the motion was pending, the Court granted Gust leave to file a second amended complaint. (Doc. #47).

On December 13, 2019, Gust filed the second amended and supplemental complaint. (Doc. #61). Gust's second amended complaint states "Plaintiff maintains expressly that he is not asserting federal claims . . . and no federal jurisdiction exists . . . ." (Doc. #61 at 2). Under the second amended complaint, Count I alleges disability discrimination against Spire. Count II alleges hostile work environment based on disability against Spire and Concentra. Count III alleges worker's compensation retaliation against Spire. Count IV alleges common law breach of confidentiality relative to Gust's medical records against Spire and Concentra. Count V alleges tortious interference with a business expectancy against Concentra. Count VI alleges retaliation against Spire. (Doc. #61).

Generally, the factual allegations underlying each of Gust's claims are as follows. In 2009, Gust incurred a workplace injury while working for Spire, and Gust filed a worker's compensation claim related to this injury. The doctor who evaluated Gust in connection with the worker's comp action prescribed oxycontin and hydrocodone to manage Gust's pain, and Gust's primary care physician subsequently managed Gust's prescriptions.

In January 2018, Spire administered drug tests, which Gust alleges were administered only to those who had previously filed worker's comp claims. Gust tested positive for Schedule II opioids. Because Gust had valid prescriptions for opiate medications, Dr. Morrow, who performed Gust's verification review with regard to his drug test results, should have informed Spire that Gust's drug test was negative.

Gust alleges Dr. Morrow must have suggested Gust's drug test was positive and/or provided other information to Spire to which it was not entitled under Department of Transportation regulations because after the drug test, Spire sent Gust to Concentra for two fit-for-duty exams. Gust was evaluated first by Dr. Jennings, and then by Harriet Yurkovich. Each exam with Concentra included consultation with Gust's prescribing doctor. Notwithstanding Gust's treating physician's opinion that Gust could continue to work in safety-sensitive positions for Spire, Concentra concluded Gust was unfit to work in any safety-sensitive position at Spire.

Gust alleges Spire coerced him into signing a release of his medical records from Concentra to Spire, and even though Gust executed a limited release based on this coercion, circumstances suggest that Spire got access to Gust's medical information outside the scope of the limited release that Gust signed.

In February 2018, Gust requested reasonable accommodations from Spire based on his disability, which Spire denied. The same day Gust requested accommodations, Spire informed Gust it was laying him of indefinitely, citing safety concerns.

These allegations are substantially the same as those Gust set forth in the first amended complaint that was at issue for purposes of the motion to remand.

On December 17, 2019, the Court entered its Order on Gust's motion to remand relative to Gust's first amended complaint. (Doc. #62). The Court severed and remanded Gust's Count III for

3

workers' compensation retaliation to state court. Otherwise, the Court denied Gust's motion to remand. (Doc. #62). Specifically, the Court found Gust's Count I for disability discrimination against Spire was preempted by § 301 of the LMRA, such that federal question jurisdiction existed on the face of the first amended complaint. (Doc. #62 at 12). The Court otherwise denied Gust's motion to remand with respect to Counts II, IV, and V based on supplemental jurisdiction. (Doc. #62 at 12).

In the motion before the Court, Spire seeks dismissal of Gust's second amended complaint pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. #72). Spire argues Count I must be dismissed because the Court has already determined it is preempted under the LMRA. Spire argues Count II must be dismissed because it is preempted by the LMRA for the same reasons the Court found Count I was preempted. Spire argues Count IV must be dismissed with respect to Spire because Missouri does not recognize a cause of action for breach of confidentiality relating to medical records against a defendant who is not a physician. Finally, Spire argues Count VI must be dismissed because it is preempted by the LMRA for the same reasons Counts I and II are preempted, and also because Missouri law does not consider requesting an accommodation to be a protected activity.[1]

**LEGAL STANDARD**

Fed. R. Civ. P. 12(b)(6) provides for a motion to dismiss "for failure to state a claim upon which relief can be granted . . . ." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Factual allegations in the complaint must be sufficiently

---

[1] Count III was previously severed and remanded to state court such that it is no longer at issue before this Court. (Doc. #62). Count V is alleged against Concentra only such that Count V is not at issue for purposes of Spire's motion to dismiss.

4

alleged "to raise a right to relief above the speculative level . . . ." Bell Atl. Corp., 550 U.S. at 554-55. When ruling on a motion to dismiss, the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the [nonmoving party]" and must also draw all reasonable inferences in favor of the nonmoving party. Stodghill v. Wellston Sch. Dist., 512 F.3d 472, 476 (8th Cir. 2008) (citations omitted). However, the Court need not accept as true legal conclusions couched as factual allegations. Iqbal, 556 U.S. at 678.

## ANALYSIS

### A. SPIRE'S MOTION TO DISMISS COUNT I IS GRANTED.

Spire argues Gust's claim for disability discrimination alleged in Count I of the second amended complaint should be dismissed because the Court already found Count I preempted by § 301 of the LMRA. (Doc. #72). In opposition, Gust argues the motion to dismiss Count I should be denied because even if a portion of Gust's disability discrimination claim is preempted as the Court previously found, Count I also includes factual allegations that do not depend on interpretation of any collective bargaining agreement (CBA), such that Spire's motion to dismiss should be denied. (Doc. #82).

As previously set forth (Doc. #62), the LMRA completely preempts claims founded directly on rights created by a CBA and/or claims that are substantially dependent on analysis of a CBA. Caterpillar Inc. v. Williams, 482 U.S. 386, 386 (1987). Based on the allegations in Gust's first amended complaint (Doc. #1-1), the Court found Gust's claim for MHRA disability discrimination substantially dependent on analysis of the CBA such that Count I was preempted and exercise of federal jurisdiction was proper. (Doc. #62).

Gust argues the Court's determination that Count I is preempted relative to the first amended complaint is not dispositive of the instant motion to dismiss. Gust argues the second

amended complaint, to which the instant motion to dismiss is directed, includes additional allegations to establish a factual predicate for MHRA disability discrimination that is not substantially dependent on analysis of the CBA. Specifically, Gust argues whereas the Court previously found Gust's Count I for disability discrimination based on his spinal stenosis for which he took pain medication preempted, the Court did not determine that Gust's Count I for disability discrimination based on Spire "erroneously regard[ing]" Gust as illegally using or being addicted to a controlled substance was also preempted. Schierhoff v. Glaxosmithkline Consumer Healthcare, L.P., 444 F.3d 961, 965 (8th Cir. 2006) (MHRA disability discrimination requires the plaintiff to prove (1) he is disabled; (2) he can perform his job with or without reasonable accommodation; (3) the defendant took an adverse action against him; and (4) the disability was a factor in the adverse action).

The Court determined Gust's MHRA disability discrimination claim was preempted because the CBA under which Gust worked for Spire set forth the procedures Spire must follow for how and when a reasonable accommodation was required. Boldt v. N. States Power Co., 904 F.3d 586, 590 (8th Cir. 2018). The additional allegation in the second amended complaint to which Gust points adds another basis for Gust to show the "disability" element of the MHRA disability discrimination claim, but does not otherwise impact the fact that resolution of Count I, and specifically the issue of whether Gust could perform his work for Spire with or without reasonable accommodation, is "inextricably intertwined with consideration of the terms of the labor contract." Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 213 (1985). Stated differently, the factual allegations as set forth in the first amended complaint versus the second amended complaint do not diverge in any way material to the Court's analysis of Count I on the issue of preemption.

6

Though Gust disputes this conclusion, the Court has determined Gust's claim for MHRA disability discrimination was properly removed to this Court by virtue of § 301 of the LMRA based on the circumstances presented here. Id. at 220 (scope of preemptive effect of federal labor law assessed case-by-case). Therefore, Gust's Count I "must either be treated as a § 301 claim or dismissed as pre-empted." Boldt, 904 F.3d at 593 (citing id.). Gust has explicitly asserted he does not intend to assert any claims under federal law and does not otherwise argue this claim is timely under the LMRA. Id.; Johnson v. Humphreys, 949 F.3d 413, 414 (8th Cir. 2020). Thus, the Court dismisses Gust's Count I based on preemption.

### B. SPIRE'S MOTION TO DISMISS COUNT II IS GRANTED.

The Court previously determined it could properly exercise federal jurisdiction over Gust's other claims under 28 U.S.C. § 1367 based on the Court's original jurisdiction over Count I. The Court thus declined to consider whether, without Count I, there was an independent basis for federal jurisdiction over Gust's other claims against Spire. (Doc. #62). In light of the Court's dismissal of the claim within this Court's original jurisdiction as set forth above, the Court must confirm it has subject matter jurisdiction over Gust's other claims in the course of evaluating the sufficiency of Gust's factual allegations under Fed. R. Civ. P. 12(b)(6). Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 348-49 (1988) (citing United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725-26 (1966)).

Spire's asserted basis for the dismissal of Count II under the allegations of the second amended complaint is that this claim for hostile work environment based on disability or perceived disability is preempted and thus subject to dismissal for the same reasons the Court found Count I preempted and subject to dismissal. In opposition, Gust argues his claim for disability discrimination in violation of the MHRA based on a hostile work environment is not preempted

7

by § 301 of the LMRA because the hostile work environment claim "necessarily will focus on the conduct and motives" of Spire, and does not require substantial reliance on or interpretation of any aspect of the CBA. (Doc. #82 at 11).

A claim which is alleged as based on a state law right is preempted by federal law only if it is "substantially dependent on analysis" of the CBA. Boldt, 904 F.3d at 590. To determine whether a claim is substantially dependent on interpretation of an aspect of the CBA, the "proper starting point" is the state law claim itself. Id. (citing Trs. of Twin City Bricklayers Fringe Benefit Funds v. Superior Waterproofing, Inc., 450 F.3d 324, 331 (8th Cir. 2006)).

In Missouri, a hostile work environment claim requires the plaintiff to prove the following: (1) membership in a class protected under the MHRA; (2) he or she was subject to discriminatory treatment in the workplace which created a hostile, intimidating, or offensive work environment, or otherwise had the purpose or effect of unreasonably interfering with the plaintiff's work; (3) the membership in a protected group contributed to the discriminatory conduct against him or her; and (4) a term, condition, or privilege of employment was affected by the discriminatory conduct or treatment. McGaughy v. Laclede Gas Co., 604 S.W.3d 730, 748 (Mo. Ct. App. 2020) (citing Bram v. AT&T Mobility Servs., LLC, 564 S.W.3d 787, 795 (Mo. Ct. App. 2018); Alhalabi v. Mo. Dept. Nat. Res., 300 S.W.3d 518, 526 (Mo. Ct. App. 2009)).

In this case, the factual allegations of the second amended complaint are as follows. Gust alleges Spire has subjected him to a continuing and hostile work environment based on unwelcome and offensive comments or stereotypes characterizing Gust as a drug addict. Further, Gust alleges Spire has invaded Gust's medical privacy and impinged on Gust's ability to perform his work based on Gust's disability or perceived disability, otherwise resulting in Gust's constructive discharge.

As set forth in the Court's previous order, in the absence of direct evidence of a hostile work environment based on disability, a plaintiff can establish a discrimination claim based on indirect evidence. (Doc. #62) (citing Schierhoff, 444 F.3d at 964) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973)). Under the McDonnell Douglas framework, a plaintiff must make a prima facie showing of discrimination, which then shifts the burden to the defendant to show a legitimate and nondiscriminatory basis for the alleged adverse employment action. Id. If the defendant makes such a showing, then the burden shifts back to the plaintiff to establish the reason provided for the adverse employment action was pretextual. Id.

Gust alleges he is disabled or perceived as disabled under the MHRA. "[U]nlike federal law, the MHRA makes the question of whether the job can be performed with reasonable accommodation a part of the test for determining whether an employee is handicapped in the first instance . . . . [E]mployees with an impairment but who can perform their job with or without reasonable accommodation are considered handicapped . . . ." Devor v. Blue Cross & Blue Shield of Kan. City, 943 S.W.2d 662, 666 (Mo. Ct. App. 1997). Thus, to establish Gust is a member of a class protected by the MHRA, Gust must show (1) he is disabled or is perceived as disabled; and (2) he can perform his job with or without a reasonable accommodation. Id. at 666-67.

Whether Gust can perform his job for Spire with or without reasonable accommodation, whether in a safety-sensitive role or not, relies on the CBA and provisions pertaining to fitness for duty. Mo. Rev. Stat. § 213.010(5). Even if Gust's claim is based on the factual predicate that Spire "erroneously regarded" him as illegally using or being addicted to a controlled substance in order to establish the disability element of this claim, Gust still must show that, notwithstanding any "erroneous regard" of addiction or illegal use of a controlled substance, he can perform the job with or without reasonable accommodation. Like Gust's claim for disability discrimination under

9

Count I, Gust's claim for hostile work environment is "inextricably intertwined with consideration of the terms of the labor contract" because the CBA and fitness for duty provisions must be interpreted to resolve whether Gust can perform his job with or without reasonable accommodation. Lueck, 471 U.S. at 211. Count II is likewise preempted by § 301 of the LMRA and is likewise subject to dismissal. Boldt, 904 F.3d at 593.

To the extent Gust asserts a hostile work environment on the basis that the drug tests administered by Spire were not random, resolution of Count II based on this factual predicate is substantially dependent on interpretation of the CBA's provision on substance abuse and the associated controlled substance testing policy. Id.

Count II is dismissed as preempted under § 301 of the LMRA.

### C. SPIRE'S MOTION TO DISMISS COUNT VI IS DENIED.

Spire's motion to dismiss also argues Gust's Count VI alleging MHRA retaliation should be dismissed because it is likewise preempted by § 301 of the LMRA. In addition to its preemption argument, Spire argues Count VI alleging MHRA retaliation is subject to dismissal under Fed. R. Civ. P. 12(b)(6) because requesting a reasonable accommodation is not, under Missouri law, a protected activity.

As above, the Court looks to the elements of a claim for MHRA retaliation to determine whether resolution of Gust's claim requires interpretation of the CBA governing Gust's employment with Spire. Twin City Bricklayers, 450 F.3d at 331.

Under the MHRA, an employer may not retaliate "'in any manner' against an employee who has opposed" any unlawful discriminatory practice or who has complained of an alleged MHRA violation. Soto v. Costco Wholesale Corp., 502 S.W.3d 38, 47-48 (Mo. Ct. App. 2016) (citing Mo. Rev. Stat. 213.070(2)). The elements of an MHRA retaliation claim are (1) opposition

10

to or a complaint about a discriminatory practice; (2) an adverse action by the defendant; and (3) the plaintiff's opposition or complaint contributed to the adverse action against the plaintiff. Id. (citations omitted).

In this case, Gust's allegations of retaliation in violation of Mo. Rev. Stat. § 213.070.1(2) are the following. The Court notes Gust's first amended complaint did not include a separate claim for retaliation. The second amended complaint alleges he engaged in a protected activity by requesting reasonable accommodations, filing a charge of discrimination with the EEOC and the MCHR, and filing the instant case. Gust further alleges Spire informed Gust he would not receive holiday pay, certain amounts of reimbursement would be reduced, and/or communicated to Gust the possibility that his job might be abolished.

Spire argues Gust's Count VI for MHRA retaliation is preempted because in order to show the alleged actions taken against Gust were "adverse" requires reference to and interpretation of the CBA.

But a MHRA retaliation claim is different from a MHRA discrimination claim. Markham v. Wertin, 861 F.3d 748, 757-58 (8th Cir. 2017) (citing McCrainey v. Kan. City Mo. Sch. Dist., 337 S.W.3d 746, 754 (Mo. Ct. App. 2011) ("A plaintiff need only have a good faith, reasonable belief that the conduct he or she opposed was prohibited by the MHRA in order to prevail on a retaliation claim.")). Even if some reference to the CBA is necessary to resolve the merits of Gust's retaliation claim, and even if Gust's discrimination claims are not ultimately successful, Gust's MHRA retaliation claim is not substantially dependent on the CBA. Id. Regardless whether the CBA provides that Spire may conduct itself in a particular manner with regard to calculating pay and/or whether and under what conditions Spire is required to provide reasonable accommodations, Spire may not properly undertake any of the alleged misconduct because of

11

Gust's worker's compensation claim (previously remanded as Count III) or because of this lawsuit. Consequently, the Court concludes Gust's Count VI alleging MHRA retaliation is not preempted, and the Court otherwise concludes the factual allegations of the claim are sufficient under Fed. R. Civ. P. 12(b)(6). Soto, 502 S.W.3d at 48 (MHRA retaliation claims inherently fact based and reliant on inference as to motive). The motion to dismiss Count VI for MHRA retaliation is, for all of these reasons, denied.

### D. GUST'S COUNTS IV AND VI ARE SEVERED AND REMANDED.

Gust's opposition suggestions assert to the extent this Court finds Counts I, II, and/or VI not preempted, "[p]laintiff requests that the Court decline to exercise supplemental jurisdiction over the non-preempted claims, so that such non-preempted claims can be tried together with Plaintiff's claims for worker's compensation retaliation in State Court that has already been severed and remanded to state court."

As referenced above, the Court previously determined in the context of Gust's motion to remand that this Court could properly exercise supplemental jurisdiction over Gust's other claims because they arose out of the same case or controversy as Gust's Count I for disability discrimination. (Doc. #62). In light of the Court's rulings above dismissing Counts I and II, Gust's remaining claims of Count IV for breach of confidentiality, Count V for tortious interference against Concentra only, and Count VI for MHRA retaliation (alleged for the first time in the second amended complaint) are before this Court only through supplemental jurisdiction. The Court does not otherwise have original jurisdiction over these claims. Where, as here, the claims over which the Court has original jurisdiction have been dismissed, the Court should assess the "judicial economy, convenience, fairness, and comity" of retaining jurisdiction over these claims when only

state law claims remain. Carnegie-Mellon Univ., 484 U.S. at 350 (citing Gibbs, 383 U.S. 715 (1966)).

Gust's Count III, which alleged workers' compensation retaliation, was previously remanded. The Court, in consideration of all relevant factors and within its discretion, concludes the continued exercise of federal jurisdiction over Gust's remaining claims which arise under Missouri state law "would be inappropriate." Id. The Court thus severs and remands Gust's Count IV, V, and VI. Accordingly, it is hereby

ORDERED Defendants' Motion to Dismiss Plaintiff's Second Amended and Supplemental Complaint (Doc. #72) is GRANTED IN PART and DENIED IN PART. The motion is granted with respect to Counts I and II on the basis that these claims are preempted and actually arise under § 301 of the LMRA. The motion to dismiss Counts IV and VI is denied. Count I and II only are thus DISMISSED. It is further

ORDERED Gust's Counts IV, V, and VI are, in light of the dismissal of Counts I and II over which the Court has original jurisdiction, REMANDED to state court because there no longer exists any claims over which the Court has original jurisdiction to which federal supplemental jurisdiction might attach. It is further

ORDERED the Clerk of the Court is directed to immediately undertake all necessary steps to remand this matter to the Circuit Court of Jackson County, Missouri.

IT IS SO ORDERED.

DATED: November 23, 2020

/s/ Brian C. Wimes
JUDGE BRIAN C. WIMES
UNITED STATES DISTRICT COURT